UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:17-cr-15-SPC-NPM

CASEY PADULA

# OPINION AND ORDER[1]

Before the Court is pro se Defendant Casey Padula's Motion for Early Termination of Supervised Release (Doc. 67), along with the Government's opposition (Doc. 69). For the below reasons, the Court denies the Motion.

Defendant was prosecuted twice. First, the undersigned sentenced him to 57 months of prison and 36 months of supervised release in July 2017 for conspiring to defraud the IRS and to commit bank fraud. (Doc. 27). Years later, another district judge sentenced him to 20 more months in a related case. *See United States v. Padula*, No. 2:19-cr-143-MRM-TPB. Defendant has served his prison sentences and has been on supervised release since January 2021 (monitored through the District of Oregon).

Defendant now moves to end his supervised release early because he has been diagnosed with brain cancer and "would like to spend his last days with

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

family and friends in multiple locations In and Out of the country." (Doc. 67). He also argues that he needs experimental treatment outside the United States, has paid restitution in full, and is a minimal security risk. The Government opposes the Motion largely because (1) Defendant still owes over $400,000 in tax liability; and (2) the Government has another million-dollar judgment against him as a civil penalty for conduct related to the criminal cases.

After considering factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The relevant § 3553(a) factors include (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). A court may end a term of supervised release early. *See United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021).

After considering the above law against the record, the Court declines to terminate Defendant's supervised release early. Although the Court understands Defendant's precarious health condition, it cannot overlook the large money he still owes. Plus, Defendant has a long record of trying to avoid and impeded the Government's collection efforts. Indeed, the Government first prosecuted Defendant because of his extensive efforts to hide money from the IRS. Then, between pleading guilty and sentencing, he continued to hide assets when he signed a false financial disclosure form, which lead to the second criminal case (and additional 20 months imprisonment). Worse yet, Defendant did not cooperate with the IRS per his plea agreement, and it took setting a revocation hearing for him to make good on his promises.

What's more, the Government represents that Defendant is on the lowest level of supervision, meaning the probation officer likely meets with him once every three months. (Doc. 69 at 3). So keeping Defendant on supervised release for about another eight months is reasonable given his conduct, the interest of justice, and the relevant § 3553(a) factors.

Accordingly, it is now

**ORDERED:**

Defendant Casey Padula's Motion for Early Termination of Supervised Release (Doc. 67) is **DENIED.**

**DONE AND ORDERED** in Fort Myers, Florida on May 25, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

4